# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA SUE WILSON, | Case No.: EDCV14-800 R (SSx) |
| Plaintiff, | |
| vs. | **DISCOVERY PROTECTIVE ORDER** |
| VICTOR VALLEY COMMUNITY COLLEGE DISTRICT; VICTOR VALLEY COMMUNITY COLLEGE; VICTOR VALLEY COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES; FRANK TRUJILLO, individually and in his official capacity as assistant coach/teacher; DONELL THOMAS, individually and in her official capacity as head coach/teacher; TIMOTHY P. JOHNSTON, individually and in his official capacity as dean of student services; FUSAKO YOKOTUBI, individually and in his official capacity as vice-president, human resources; and DOES 1-100, inclusive, | |
| Defendants. | |

This protective order shall govern the disclosure of documents such as plaintiff's academic records, plaintiff's medical records, plaintiff's mental health care records, plaintiff's army records, the defendants' personnel and employment records, and certain confidential investigation materials (hereinafter collectively "the

Protected Documents"), produced by the parties in the civil lawsuit entitled <u>Amanda Sue Wilson v. Victor Valley Community College District, et al.</u>, bearing case number EDCV14-800 R (SSx).

1. All Protected Documents will be clearly designated prior to the disclosure or production of such Protected Documents, and will bear the notation of "Confidential" on each page provided the notation does not obscure or obliterate the document's contents or interfere with the legibility of the document. All Protected Documents shall be subject to this Protective Order as follows.

2. A Producer's designation of information as a Protected Document means that the Producer has made a good faith determination, upon reasonable inquiry, that the information qualifies as such.

3. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

4. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Plaintiff and Defendants, Victor Valley Community College District (and its employees), Frank Trujillo, Donell Thomas, Timothy Johnston and Fusako Yokotobi;

    (c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record.

    (d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

    (e) A party who wishes to disclose a Protected Document to a person not

authorized under this Order must first make a reasonable attempt to obtain the Producer's written permission.  If the Party is unable to obtain the Producer's permission, the Party may file a motion seeking permission from the Court in accordance with the procedures set forth in Local Rules 37-1 through 37-4.

    (f)    If, in connection with the pending litigation, a Producer inadvertently discloses information subject to a claim of attorney-client privilege or attorney work-product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producer would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information.

    (g)    To the extent not addressed by this paragraph, disclosures of information protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

    (h)    A Producer that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error.  Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producer shall return to the Producer or destroy all copies of such undesignated or improperly designated documents.

    5.    The Protected Documents may be disclosed to the Court and court personnel, in connection with this litigation.  Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in compliance with the requirements of Central District of California Local Rule 79, including the requirement that "no case or document shall be filed under seal without prior approval by the court."  L.R. 79-5.1.  Any such application must

be made to the particular judge considering the matter to which the proposed under seal filing pertains and must make an individualized and particularized showing of good cause or compelling need, depending upon the context.

6. Nothing in this Order shall be construed as a prior directive to the Clerk of the Court to allow any document to be filed under seal. The parties understand and agree that document may be filed under seal only with the permission of the Court after proper motion.

7. In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those Protected Documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

8. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter, which include Protected Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

9. Those attending the depositions in this matter shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements relating to information within the Protected Documents made by such person during the course of said depositions.

10. The Protected Documents shall be used solely in connection with the preparation and trial of this civil action entitled <u>Amanda Sue Wilson v. Victor Valley Community College District, et al.</u>, bearing case number EDCV14-800 R (SSx), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

11. Any documents designated as Protected Documents are subject to

challenge.  Challenges may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.  A Party's failure to contest a designation of information as Confidential Information is not an admission that the information was properly designated as such.

12.  Any motion involving a disagreement over a party's designation of information as Protected Documents shall comport with the requirements of Local Rules 37-1 and 37-2 governing discovery disputes, including the requirement that the parties file a Joint Stipulation concerning the matters in dispute.  As part of the meet and confer process the Party shall notify the Producer in writing of the basis for the dispute, identifying the specific documents or things as to which the designation is disputed and proposing a new designation for such materials.  The Party and the Producer shall then have a Pre-Filing Conference of Counsel in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible, in accordance with Local Rule 37-1 of the United States District Court for the Central District of California.  If counsel are unable to settle their differences, they shall formulate a written stipulation in accordance with Local Rules 37-2.  The Producer bears the burden of proving that the information is properly designated as a Protected Document.  The information shall remain subject to the Producer's Document designation until the Court rules on the dispute.

13.  A Producer that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error.  Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producer shall return to the Producer or destroy all copies of such undesignated or improperly designated documents.

1        14.    This Order may not be modified unless by written consent of the
2 parties and approval of the Court.  Any party may move for a modification of this
3 Order at any time.
4        15.    This Order is made for the purpose of ensuring that the Protected
5 Documents and the information contained therein will remain confidential.
6        16.    This order's obligations regarding Confidential Information survive
7 the conclusion of this case.  The Court will retain jurisdiction to resolve any
8 dispute concerning the use of information disclosed pursuant to this Protective
9 Order.
10       17.    At the conclusion of this litigation, upon request of counsel, parties in
11 receipt of the Protected Documents shall return all Protected Documents to the
12 disclosing party.  Alternatively, the receiving parties and every other person and/or
13 entity who received originals or copies of the Protected Documents may destroy all
14 such material and material derived therefrom within thirty (30) calendar days after
15 the conclusion of this case.  Additionally, within thirty (30) calendar days after the
16 conclusion of this case, counsel for the receiving parties shall send a signed
17 declaration stating that such material has been destroyed pursuant to this Protective
18 Order.
19       18.    Nothing in this Order shall be construed as authorizing a party to
20 disobey a lawful subpoena issued in another action.

22       IT IS SO ORDERED.

24 DATED: December 2, 2014
25                              _____
                                 Honorable Manuel Real
26                               United States District Judge

- 6 -
DISCOVERY PROTECTIVE ORDER